# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEVIN NAILOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16-CV-00932 JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is pending before the Court on Petitioner's Amended Motion to Correct Sentence under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. No. 1)

On July 23, 2014, Petitioner pled guilty to two counts of a four-count superseding indictment in case number 4:13-CR-00391. Count II charged Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and Count IV charged Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). The Court found Petitioner to be an Armed Career Criminal on Count IV based on his prior convictions for felonious resisting arrest and two counts of burglary second degree. With the ACCA enhancement, Petitioner's guideline range was 188 to 235 months based on a total offense level of 31 and criminal history category of VI. Without the ACCA enhancement, the sentencing guidelines for Count II would have governed, with a total offense level of 29 and criminal history category of VI, for a guideline range between 151 and 188 months.

On January 30, 2015, the Court sentenced Petitioner to 108 months imprisonment on each of Counts II and IV, to run concurrently. The Court departed below the guideline range

pursuant to a 5K1.1 government motion based on Petitioner's substantial assistance. The Court also varied downward based on § 3553(a) factors, including "the defendant's difficult upbringing, history of post-traumatic stress disorder, and other mental health and cognitive issues."

In his amended § 2255 motion, Petitioner asserts that he is no longer an armed career criminal in light of Johnson. More specifically, Petitioner asserts that his convictions for second degree burglary are no longer classified as violent felonies under the residual clause pursuant to Johnson. Therefore, he no longer has the three violent felony offenses or serious drug offenses required to be classified as an armed career criminal under 18 U.S.C. § 924(e).

Consistent with Petitioner's argument, the Final Resentencing Report concludes that Petitioner is no longer an armed career criminal because his convictions for resisting arrest and attempted burglary first degree no longer appear to be a violent felonies under the residual clause of 18 U.S.C. § 924(e). In addition, Petitioner's prior convictions for second degree burglary and resisting arrest do not appear to have occurred on separate occasions and thus can count only as a single conviction for ACCA purposes. Therefore, Petitioner does not have the three predicate offenses necessary to support a finding that he is an armed career criminal pursuant to 18 U.S.C. § 924(e) on Count IV.

The Government agrees that with only two qualifying predicate offenses, Petitioner no longer faces a mandatory 15-year minimum sentence under the ACCA and is therefore entitled to resentencing. However, the Government opposes a sentence lower than his current sentence of 108 months.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Amended Motion to Correct Sentence under 28 U.S.C. § 2255 [1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the judgment and sentence in <u>United States v. Kevin Nailor</u>, No. 4:13-CR-00391-JAR-1, is **VACATED** as to Count IV subject to resentencing. The judgment and sentence as to Count II remains in full force and effect.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to docket a copy of this Memorandum and Order in the criminal case, No. 4:13-CR-00391-JAR-1.

**IT IS FURTHER ORDERED** that this matter is set for resentencing on **<u>Friday, June 8, 2018 at 10:30 a.m. in Courtroom 12N.</u>**

**IT IS FINALLY ORDERED** that Petitioner shall advise the Court in writing **<u>within fourteen (14) days of the date of this Order</u>** whether he will waive his appearance at resentencing.

A separate Judgment will accompany this Memorandum and Order.

Dated this 9th day of April, 2018.

*[signature: John A. Ross]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**